**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KAREN BRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:10-CV-396 |
| | § | |
| ALL SAINTS CAMP & CONFERENCE | § | |
| CENTER, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT

The following are pending before the court:

1. Defendant's amended motion for summary judgment and brief in support thereof (docket entry #24);

2. Plaintiff's response to Defendant's amended motion for summary judgment (docket entry #28);

3. Defendant's reply brief in support of its amended motion for summary judgment and objections to Plaintiff's response (docket entry #29); and

4. Plaintiff's sur-reply to Defendant's amended motion for summary judgment (docket entry #30).

Having considered the Defendant's amended motion for summary judgment and the subsequent briefing, the court is of the opinion that the Defendant's amended motion for summary judgment should be denied.

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

The Defendant objected to the declarations of Reverend Ally Perry, Marsha Green, Linda Wilkinson and Tracy Orr as inadmissible hearsay. The Defendant further objected to the declarations

-1-

stating that the declarations were made without personal knowledge. The Defendant did not specifically note which portions of the declarations were objectionable. Without some specificity, the court declines to consider the Defendant's objections. However, the court notes that it reviewed the evidence provided in accordance with the appropriate summary judgment and evidentiary standards and only considered appropriate summary judgment evidence in reaching its decision.

## BACKGROUND

The facts of this case are contested. The uncontested facts are limited. The Defendant, All Saints Camp & Conference Center, Inc. ("Defendant"), is a ministry of the Episcopal Diocese of Dallas. Located at Lake Texoma, the Defendant serves as a summer camp, a year-round retreat and conference center, and a year-round environmental camp for scientific eco-adventurers through its Journey on Lake Texoma ("JOLT") program. The Defendant hired the Plaintiff on February 22, 2008 as the Defendant's operations manager. The Plaintiff was 53 years at old at the time she was hired. During the time the Plaintiff was employed by the Defendant, the Defendant was managed by a board of directors. The executive director was Christine Tokarz ("Tokarz").

According to the job description for the operations manager position, the Plaintiff was required to possess either a Bachelor's degree from a four year college or university, four years related experience and/or training, or an equivalent combination of education and experience. The Plaintiff was also expected to possess knowledge of Quickbooks, Camptrack and other electronic database management software. The Plaintiff was responsible for the day-to-day operation of the camp. According to the job description, the essential duties and responsibilities of the operations manager were as follows:

    1.    Maintain accounts receivable and accounts payable, payroll and banking

        functions;

2. Oversee employment records and benefits for camp staff;

3. Set and manage camp policy and procedures, for staff;

4. Maintain event schedule database;

5. Develop routines, schedules, training and procedures for camp support operation and facilities;

6. Supervise the ordering of food, supplies, and equipment, for the Kitchen and maintain an inventory system;

7. Define and monitor crisis management plan, including emergency procedures;

8. Help provide an atmosphere for developing good spiritual morale and well-being among the camp family;

9. Makes sure camp meets all applicable National Standards and federal, state, and local codes;

10. Develops and follows camp operating budget;

11. Maintain records database to assist in correspondence with camper's parents/guardians, keeping them informed of the camp activities and their child's participation;

12. Review and manage inventory of fixed assets;

13. Manage updates for the Website[.]

The Plaintiff received her first performance review on April 16, 2008. The quality of the Plaintiff's work and her safety record were rated "exceptional." The Plaintiff received "fully satisfactory" ratings in the areas of planning and organizing, interpersonal relations, independence and control of costs. The Plaintiff received "acceptable" ratings in the areas of job knowledge and communications skills. The Plaintiff's managerial effectiveness was rated "exceptional."

On March 18, 2009, Tokarz issued the Plaintiff a warning. On two separate occasions, the

Plaintiff submitted the same invoices twice for payment.

On April 27, 2009, Tokarz issued a written warning to the Plaintiff regarding unsatisfactory job performance. The written warning cited three separate infractions. The first occurred on April 9, 2009. The St. Timothy Retreat Group apparently cancelled its event; however, housekeeping was not advised of the cancellation and prepared accordingly. Since the housekeeping staff took direction from the Plaintiff, the Plaintiff was faulted for this lack of communication.

The second infraction occurred on April 22, 2009. The Plaintiff was advised that the Power Center smelled of rotten eggs. The Plaintiff was told to resolve the smell before the Back to the Mountain group arrived two days later. Further, the Plaintiff was to ensure that one of the buildings was cleaned before the group arrived. According to the Defendant, the Plaintiff failed to accomplish these tasks. Finally, the Defendant claims that the Plaintiff failed to ensure that linens were placed in one of the cabins for the Back to the Mountain group.

The final infraction occurred during the weeks of April 20-27, 2009. According to the written warning, the Plaintiff failed to ensure that the main office building was clean.

The Plaintiff filed a written response to the first written warning. The Plaintiff explained, from her perspective, the events that transpired. The Plaintiff's response refutes the allegations contained in the April 27, 2009 written warning.

On May 14, 2009, Tokarz counseled the Plaintiff about an incident concerning the housekeeping manager's behavior. The housekeeping manager was alleged to have been rude to other staff members in front of guests. It is further alleged that the housekeeping manager failed to follow the camp's policies and procedures for making changes to reservations. Tokarz warned the Plaintiff that if the housekeeping manager's behavior did not improve, the Plaintiff, as the housekeeping manager's

supervisor, would be placed on a three day paid leave of absence.

On May 20, 2009, the Plaintiff received her third and final warning which resulted in three days of paid leave. Tokarz alleged in the final warning that the Plaintiff divulged confidential information to another employee. The Defendant claims that the Plaintiff repeated information that she learned in a meeting with Tokarz to the housekeeping manager. The housekeeping manager had apparently confided in Tokarz that she lacked confidence in the Plaintiff's ability to perform her duties as the operations manager. The Plaintiff allegedly confronted the housekeeping manager with this information which, according to Tokarz, violated the Defendant's policy prohibiting disclosure of privileged information.

On May 26, 2009, the Defendant terminated the Plaintiff's employment. On August 6, 2010, the Plaintiff filed her original complaint. The Plaintiff alleged that throughout her employment with the Defendant, Tokarz commented on the Plaintiff's age and treated the Plaintiff differently because of her age. The Plaintiff also alleged that Tokarz displayed a negative attitude towards older employees. As such, the Plaintiff alleged that she was discriminated against based on her age in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Labor Code.

## **LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in

favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

Both parties have a responsibility in the summary judgment process. *Celotex*, 477 U.S. at 323–24. First, the party seeking summary judgment must show that the admissible evidentiary material of record and any affidavits submitted by the nonmoving party are insufficient to permit the nonmoving party to carry its burden of proof. The nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleadings." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 248. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Roach v. Allstate Indemnity Co.*, 2012 WL 1478745 (5th Cir. 2012), citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

## **DISCUSSION AND ANALYSIS**[1]

"Under the ADEA [Age Discrimination in Employment Act], it is unlawful for an employer to discharge an employee 'because of such individual's age.'" *Cervantez v. KMGP Services Company, Inc.*, 2009 WL 2957297, *3 (5th Cir. 2009). "To establish an ADEA claim, '[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the "but-for" cause of the challenged employer decision.'" *Id*. (citation omitted). Here, the Plaintiff relies on

---

[1]The Plaintiff seeks redress for her employment discrimination claims under federal law and state law. "In enacting the TCHRA [Texas Commission on Human Rights Act], the Texas legislature intended to correlate state law with federal law in employment discrimination cases." *Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 791 (S.D. Tex. 2004), citing TEX. LABOR CODE ANN. § 21.001 (Vernon 1996) (remaining citation omitted). "Accordingly, in employment discrimination cases, courts employ the burden-shifting analysis established by the United States Supreme Court." *Id*. (citations omitted).

circumstantial evidence; accordingly, "the burden-shifting framework of *McDonnell Douglas Corp. v. Green* [411 U.S. 792, 802, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973)] applies." *Id*. (citations omitted). "Under this standard, the employee must first establish a prima facie case of discrimination." *Id*. (citation omitted). A prima facie case requires that the employee prove that [s]he (1) belongs to the protected group of persons over the age of forty; (2) was qualified for [her] position; (3) was discharged; and (4) was replaced with someone younger or outside the protected group or otherwise discharged because of her age. *Id*. (citation omitted); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (citations omitted).

"The burden then shifts to the employer to produce evidence that the employee was discharged 'for a legitimate, nondiscriminatory reason. This burden is one of production, not persuasion; it can involve no credibility assessment.'" *Cervantez*, 2009 WL 2957297 at *3 (citation omitted). "If the employer is able to meet this burden, 'the *McDonnell Douglas* framework – with its presumptions and burdens – disappear[s], and the sole remaining issue [is] discrimination *vel non*.'" *Id*. (citation omitted).

> [T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. And in attempting to satisfy this burden, the plaintiff – once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision – must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. That is, the plaintiff may attempt to establish that he was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence.

*Id*., quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L. Ed. 2d 105 (2000) (internal quotation marks and citations omitted).

"'The issue at the pretext stage is whether [the defendant's] reason, even if incorrect, was the

real reason for [the plaintiff's] termination.'" *Id*. (citation omitted). "Courts 'do not try . . . the validity of good faith beliefs as to an employee's competence. Motive is the issue.'" *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995).

> [Yet,] [e]vidence demonstrating the falsity of the defendant's explanation . . . is likely to support an inference of discrimination even without further evidence of defendant's true motive. Thus, the plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation.

*Cervantes*, 2009 WL 2957297 at *3 (citations omitted).

Here, the Defendant concedes that the Plaintiff has established the first and third elements of her prima facie case. The parties, however, disagree with respect to the remaining two elements. First, the Defendant argues that the Plaintiff was not qualified for the position of operations manager. However, the Plaintiff has offered competent summary judgment evidence that, at the very least, poses a genuine issue of material fact with respect to her qualifications. The same is true with respect to the issue of replacement. The Defendant argues that the Plaintiff's operations manager position was eliminated. While the evidence supports this fact, the Plaintiff's job duties were not eliminated. The Plaintiff has brought forth competent summary judgment evidence raising a fact issue with respect to who assumed those duties and responsibilities. According to the Plaintiff's evidence, after the Plaintiff was terminated, the Plaintiff's job duties were assigned primarily to two females under the age of 40. In viewing the summary judgment evidence in the light most favorable to the Plaintiff, the court finds that for summary judgment purposes, the Plaintiff has set forth a prima facie case under the *McDonnell Douglas* framework. *See id*.

The court turns to the Defendant's proffered reason for termination. The Defendant asserts that

it terminated the Plaintiff for the nondiscriminatory reason of poor job performance. Accordingly, the *McDonnell Douglas* burden-shifting framework disappears, and the court must inquire whether the Plaintiff has shown the existence of a genuine issue of material fact on age discrimination. *See id*. at *3.

The Plaintiff has provided the court with competent summary judgment evidence that raises a genuine issue of material fact regarding the Plaintiff's job performance. Such evidence raises a genuine issue of material fact regarding the Defendant's proffered reason for termination and that the reason was unworthy of credence. Further, the evidence raises a genuine issue of material fact with respect to the falsity of the Defendant's explanation for the Plaintiff's termination which, in turn, supports an inference of discrimination. The Plaintiff has produced competent summary judgment evidence that creates a jury issue as to the Defendant's discriminatory animus or the falsity of the Defendant's legitimate nondiscriminatory explanation.

## **CONCLUSION**

Based on the foregoing, the court finds that the Defendant's amended motion for summary judgment and brief in support thereof (docket entry #24) is hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 1st day of June, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE